IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00275–ZLW–KMT

JOHN NASIOUS,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER - Denver Sheriffs [sic] Department,
SHERIFF STRONG, Denver Sheriffs [sic] Department, in his official and individual capacity,
NURSE ROSIE PAGLIANO - Denver Sheriffs [sic] Department, in her official and individual capacity,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights and the Prisoner Rape Elimination Act. This matter is before the court on the "Motion to Dismiss by Rosemary Pagliano, R.N." (Doc. No. 42, filed February 3, 2009). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

      The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. Plaintiff alleges that on June 19, 2005, Defendant Pagliano evaluated and treated Plaintiff for a seizure at the Denver County Jail infirmary. (Am. Prisoner Compl. at 8, ¶ 14 [hereinafter "Compl."] [filed March 25, 2008].) He states Defendant Pagliano placed him in a cell for observation of a seizure disorder. (*Id.*, ¶ 15.)

Plaintiff alleges he was placed in the same cell as an "at risk inmate" and that his life was placed "in harms [sic] way." (*Id.*) Plaintiff asserts that Defendant Pagliano had prior knowledge that his cellmate was mentally ill and was refusing to take his psychiatric medications. (*Id.*, ¶ 16.) Plaintiff states he was "awakened abruptly with a wet tongue in his ear and a hand grabbing his penis." (*Id.*, ¶ 18.) Plaintiff alleges during the struggle of the attack, he injured his arm, neck, and shoulder and still suffers as a result of his injuries. (*Id.* at 8–9, ¶¶ 19–20.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 26.)

Defendant Pagliano moves to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff failed to accomplish service within 120 days; (2) Plaintiff's claim regarding deprivation of a constitutional right is barred by the statute of limitations; (3) Plaintiff's medical negligence claim is barred by the statute of limitations; and (4) Plaintiff has failed to state a claim alleging violation of the Prisoner Rape Elimination Act ("PREA"). (Mot. to Dismiss Rosemary Pagliano, R.N. [hereinafter "Mot."] [filed February 3, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his original Prisoner Complaint on February 8, 2008 (Doc. No. 2) and his Amended Prisoner Complaint on March 25, 2008 (Doc. No. 9, Compl.) Defendant Pagliano filed her motion to dismiss on February 3, 2009. (Mot.) Plaintiff filed his response on March 6, 2009. (Mot. to Strike Def. Nurse Rosie Pagliano's Mot. to Dismiss and Resp. To Second Am. Compl. [hereinafter "Resp."].) Defendant filed her reply on March 24, 2009. (Reply in Supp. of Mot. to Dismiss Rosemary Pagliano, R.N. [hereinafter "Reply"].) This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.*     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

3

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

4

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the

elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "The

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*,

173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  "Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of 'entitlement to relief.''" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.      *Statute of Limitations*

Defendant argues that Plaintiff's claims are barred by the applicable statute of

limitations. (Mot. at 8–13.)  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Federal

courts must look to the applicable state statute of limitations to determine the timeliness of a

claim under 42 U.S.C. § 1983.  *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993).  Colorado

law provides a two-year statute of limitations for actions brought pursuant to § 1983.  *See* Colo.

Rev. Stat. § 13–80–102(g) (establishing a two-year limitation period for "all actions upon

liability created by a federal statute where no period of limitation is provided in said federal

statute" and for "all other actions of every kind for which no other period of limitation is

provided"); *Blake*, 997 F.2d at 750 (applying § 13–80–102 to § 1983 claim).

The determination of when a § 1983 claim accrues is governed by federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

It is undisputed that the alleged acts or omissions forming the basis of Plaintiff's claims against Defendant Pagliano occurred on June 18 and 19, 2005.  (Compl. at 3–4.)  This court finds the plaintiff's claims accrued, at the latest, on June 19, 2005, as that is the date "when the plaintiff [knew] or [had] reason to know of the injury which is the basis of his action."  *Johnson*, 925 F.2d at 1301.

Plaintiff appears to argue the statute of limitations applicable to conduct associated with Nurse Pagliano should be tolled based on a ruling made by the Tenth Circuit Court of Appeals regarding another case in the United States District Court for the District of Colorado, *Nasious v. Two Unknown B.I.C.E. Agents, et al.*, 06–cv–01765–ZLW–KMT ("2006 case").[1]  (Reply at 1.)  On October 10, 2006, Plaintiff filed his initial complaint in the 2006 case.  (2006 Case, Doc. No. 4.)  On November 9, 2006, Plaintiff filed his First Amended Complaint in the 2006 case, naming numerous defendants including "Nurse Rosie."  (*Id.*, Doc. No. 9.)  On February 1, 2007, Judge Weinshienk *sua sponte* dismissed Plaintiff's Amended Complaint in the 2006 case based upon

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  The court will take judicial notice of the documents referenced herein, filed in *Nasious v. Two Unknown B.I.C.E. Agents, et al.*, 06–cv–01765–ZLW–KMT.

Plaintiff's failure to comply with Fed. R. Civ. P. 8(a). (*Id.*, Doc. No. 22.) Plaintiff appealed the

court's dismissal of his Amended Complaint, and on July 3, 2007, the Tenth Circuit Court of

Appeals reversed the trial court's dismissal with prejudice, based on the trial court's failure to

consider the *Ehrenhaus* factors before dismissal, and remanded the 2006 case for further

proceedings. (*Id.*, Doc. No. 32.) Following remand, on August 30, 2007, the district court

issued an order directing Plaintiff to file a Second Amended Complaint in compliance with Fed.

R. Civ. P. 8. (*Id.*, Doc. No. 34.) On December 3, 2007, Plaintiff filed a Second Amended

Prisoner Complaint in the 2006 case, again naming Nurse Pagliano as a defendant. (*Id.*, Doc.

No. 44.) In the Second Amended Complaint, Plaintiff alleged that Nurse Pagliano was being

sued for participating in violations of the "Ku Klux Klan Act of 1871" and made essentially the

same allegations he is making in the current complaint regarding the June 2005 sexual assault by

his cellmate. (*Id.* at 3, 5, 7.)

On December 13, 2007, the district court directed Plaintiff to file a Third Amended

Complaint. (*Id.*, Doc. No. 45.) The court's order stated that the Second Amended Complaint

improperly combined three separate and unrelated claims against three separate groups of

defendants into one action: (1) claims arising out of an alleged sexual assault committed by

another inmate against Plaintiff; (2) claims that Plaintiff was denied a religious diet while

confined at the Arapahoe County Detention Facility; and challenging a detainer filed against him

by immigration officials. (*Id.*) The court noted that Plaintiff did not assert any right to relief

against the three separate groups of defendants "with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences," as is required by Fed. R. Civ.

7

P. 20(a)(2).  (*Id.*)  The court ordered Plaintiff to file a Third Amended Complaint complying with the joinder requirements of Rule 20(a)(2) and the pleading requirements of Fed. R. Civ. P. 8. (*Id.*)  On January 14, 2008, Plaintiff filed a Third Amended Complaint in the 2006 case.  (*Id.*, Doc. No. 49.)  The only claims in the Third Amended Complaint were those relating to Plaintiff's alleged illegal detainment by immigration and the only named defendants were those involved in the immigration issues.  There were no claims relating to an alleged sexual assault at Denver City and County Jail, nor was Nurse Pagliano named in the Third Amended Complaint. Approximately three and one-half weeks later, on February 8, 2008, Plaintiff filed his initial complaint in this case.  (Doc. No. 1.)

Plaintiff asserts that "the time runs from 'July 3, 2007' forward"—the date the Tenth Circuit remanded the 2006 case to the District Court for further proceedings.  (Resp. at 1.) However, Plaintiff has not identified any state law indicating that the statute of limitations with respect to claims against Nurse Pagliano should have been tolled, and this court has found no state or federal law to support his request for tolling based on the fact that he originally improperly joined his claims against Nurse Pagliano with claims in another case.  Colorado's statutory tolling provisions do not apply where Plaintiff was not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability."  *Fogle v.* Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (citing Colo. Rev. Stat. § 13–81–101(3)).  In this case, Plaintiff has not asserted that he is mentally incompetent or that he has any other legal disability. Moreover, "[n]o Colorado court has held that an imprisoned person fell into the 'other legal disability' category."  *Fogle*, 435 F.3d at 1258 n.2.

8

Additionally, the statute of limitations was not tolled by the implicit dismissal of Nurse Pagliano as a defendant when Plaintiff filed his Third Amended Complaint in the 2006 case. The Tenth Circuit Court of Appeals found in *Pipkin v. United States Postal Serv.*, 951 F.2d 272 (10th Cir. 1991) that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim. *Id.* at 274; *see also* Fed. R. Civ. P. 15. Plaintiff filed his Third Amended Complaint, effectively dismissing Nurse Pagliano as a defendant, on January 14, 2008. He filed his initial complaint in this case on February 8, 2008. The court finds that Plaintiff's previously filed but dismissed lawsuit against Nurse Pagliano does not operate to toll the statute of limitations. *Brown v. Hartshorne Public School District*, 926 F.2d 959, 961 (10th Cir. 1991) ("It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties <u>as though the action had never been brought</u>. In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action.") (emphasis added) (citations omitted). To the extent Plaintiff may argue that his filing of the Third Amended Complaint in the 2006 case was done because of court order and, therefore, his dismissal of Nurse Pagliano was not "voluntary," the Tenth Circuit in *Brown* addressed the tolling effect of dismissals without limiting itself to voluntary dismissals. *Id.* Also, *Brown* makes it clear that there is no difference in the tolling effect of an action dismissed with or without prejudice. *Id.*

Moreover, the doctrine of equitable tolling does not save Plaintiff's claim. Colorado case law recognizes the doctrine of equitable tolling, but limits it "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary

circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."

*Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (citation and internal

quotation marks omitted).  Colorado courts hold that the doctrine is "not favored," and the

Colorado Supreme Court "has never found" the requisite "extraordinary circumstances" to exist.

*Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007); *Brodeur*, 169

P.3d at 150.  Plaintiff chose which of his three improperly joined claims to pursue in his 2006

case.  The duty was on the plaintiff to conduct all necessary research prior to effectively

dismissing Nurse Pagliano as a defendant in that case.  The court notes that this a sophisticated

plaintiff who, at the time he dismissed Nurse Pagliano as a defendant in the 2006 case, had at

least twelve other cases either pending or that had been resolved in this district.  Additionally,

there is no evidence of, nor does Plaintiff argue, that extraordinary circumstances existed or that

there was any trickery, bad faith or wrong doing on behalf of the defendant.  Accordingly,

Plaintiff's claims are barred by the statute of limitations, and this court need not address the

remaining arguments made by the defendant in her motion to dismiss.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Motion to Dismiss by Rosemary Pagliano, R.N." (Doc. No. 42)

be GRANTED, and that Plaintiff's claims against her be dismissed in their entirety, with

prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

11

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th of June, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge