IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00275–ZLW–KMT

JOHN NASIOUS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER - Denver Sheriffs [sic] Department,
SHERIFF STRONG, Denver Sheriffs [sic] Department, in his official and individual capacity,
NURSE ROSIE PAGLIANO - Denver Sheriffs [sic] Department, in her official and individual capacity,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights and the Prisoner Rape Elimination Act. This matter is before the court on the "Motion to Dismiss Defendants City and County of Denver, Denver Sheriff's Department, and Sheriff Strong" (Doc. No. 85, filed August 13, 2009). Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Amended Prisoner Complaint and the parties' submissions with respect to this Recommendation. In Claim One, Plaintiff asserts that Defendants violated his Eighth Amendment rights. Plaintiff alleges that on June 19, 2005, Defendant Pagliano evaluated and treated Plaintiff for a seizure at the Denver County Jail

infirmary. (Am. Prisoner Compl. at 8, ¶ 14 [hereinafter "Compl."] [filed March 25, 2008].) He states Defendant Pagliano placed him in a cell for observation of a seizure disorder. (*Id.*, ¶ 15.) Plaintiff alleges he was placed in the same cell as an "at risk inmate" and that his life was placed "in harms [sic] way." (*Id.*) Plaintiff asserts that Defendant Pagliano had prior knowledge that his cellmate was mentally ill and was refusing to take his psychiatric medications. (*Id.*, ¶ 16.) Plaintiff states he was "awakened abruptly with a wet tongue in his ear and a hand grabbing his penis." (*Id.*, ¶ 18.) Plaintiff alleges during the struggle of the attack, he injured his arm, neck, and shoulder and still suffers as a result of his injuries. (*Id.* at 8–9, ¶¶ 19–20.) Plaintiff states that Defendant Strong was the officer on duty the morning of this incident. (*Id.*, ¶ 22.)

In Claim Two, Plaintiff alleges that Defendants violated the Prison Rape Elimination Act of 2003 ("PREA"). Plaintiff contends that he reported the alleged attack to Defendant Strong, who "refused to prevent and protect [Plaintiff] from further harm and left him in great pain and suffering and discomfort, terrified with his attacker for 8 hrs." (*Id.*, ¶ 25.) Plaintiff also alleges that Defendant Strong failed to secure the crime scene and threw away kites completed by Plaintiff regarding the incident. (*Id.*, ¶ 26.) Plaintiff states that Defendant City and County of Denver ("the City") failed to enforce a zero-tolerance policy relating to the incident, failed to fully investigate the incident, and failed to prosecute his attacker. (*Id.*, ¶¶ 30–31.) Plaintiff alleges he has not been provided adequate follow-up medical care and mental health counseling. (*Id.*, ¶ 39.) Plaintiff states he "has been retaliated against for filing this case in the past, subjecting him to intentional infliction of mental distress, mental pain and anguish." (*Id.*, ¶ 55.)

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 26.)

Defendants the City and County of Denver, Denver Sheriff's Department, and Sheriff Strong ("City Defendants") move for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) on the grounds that (1) the Complaint fails to state a claim upon which relief can be granted; and (2) the Denver Sheriff's Department is not a legal entity and lacks capacity to sue or be sued.[1] (Mot. to Dismiss City Defs. [hereinafter "Mot."] [filed August 13, 2009].)

## PROCEDURAL HISTORY

Plaintiff filed his original Prisoner Complaint on February 8, 2008 (Doc. No. 2) and his Amended Prisoner Complaint on March 25, 2008 (Doc. No. 9, Compl.) The City Defendants filed their motion to dismiss on August 13, 2009. (Mot.) Plaintiff did not file a response. This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

---

[1] Although Defendants argue that claims against Denver Sheriff's Department should be dismissed, Denver Sheriff's Department is not a named defendant. Therefore, the court will not address this argument.

less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### 3. *Judgment on the Pleadings*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (internal quotation marks and citation omitted); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1241 (10th Cir. 2000). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Hence, under Rule 12(c), a court should consider only matters referred to or incorporated by reference in the pleadings or attached to the answer or complaint. *Park Univ. Enters., Inc.*, 442 F.3d at 1244; *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

## ANALYSIS

*1.   Defendants' motion is procedurally improper under Rule 12(b), but it will be treated as a motion filed under Rule 12(c).*

A motion asserting the defense of failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). This requires the assertion of an affirmative defense within the time frame required for answering, either in the answer or by separate motion, or the defense may be waived or brought in another manner contemplated by Fed. R. Civ. P. 12(h) (stating that failure to state a claim may be brought in a pleading, which is defined in Rule 7(a), by motion for judgment on the pleadings, or at trial). *Echostar Satellite, LLC v. Persian Broadcasting Co., Inc.*, 2006 WL 446087, at *2 (D. Colo. Feb. 22, 2006).

Strict interpretation of the timing provision of Rule 12(b) could lead to the conclusion that the court should deny as untimely any motion made after a responsive pleading. However, courts have allowed such motions if the defense has been previously included in the Answer. *Rodgers v. D.F. Freeman Contractors, Inc.*, 1989 WL 134280, at *1 (D. Kan. Oct. 31, 1989) (citing 5B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1357). More importantly, the language of Rule 12(b) must be read in conjunction with the language of Rule 12(h)(2), which preserves Rule 12(b)(6) motions from waiver and permits such motions to be made at any time up to and including trial. (*Id.*) (citing *Miller v. Cudahy Co.*, 656 F. Supp. 316, 322–23 (D. Kan. 1987), aff'd in part, rev'd in part, 858 F.2d 1449 (10th Cir. 1988)). This liberal language of Rule 12(h) allows Rule 12(b)(6) motions to "be considered by the court even when

interposed after the responsive pleading has been filed." *Id.* (citing WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1361). Rule 12(h)(2) permits the court to consider a defense of failure to state a claim upon which relief can be granted within a Rule 12(c) motion for judgment on the pleadings, and, therefore, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c). *Crawford v. Plumm*, 2003 WL 22849183, at*1 (D. Kan. Nov. 24, 2003).

The City Defendants filed their Answer to the Complaint on May 27, 2008. (Doc. No. 26 [hereinafter "City and Strong's Answer]) and preserved the defense of failure to state a claim upon which relief can be granted. (Answer at 4, ¶ 1.) Therefore, the court will treat Defendants' motion to dismiss as one filed under Rule 12(c).

*2.    Statute of Limitations*

Defendants argue that Plaintiff's claims alleging deprivation of constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 are barred by the applicable statute of limitations. (Mot. at 4–8.) Because Congress established no specific statute of limitations for actions brought pursuant to section 1983, the general personal injury or residual statute of limitations of the forum state applies. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *see* 42 U.S.C. § 1988(a). In Colorado, a two-year statute of limitations period found in Colorado Revised Statutes section 13-80-102(g) applies to federal civil rights claims asserted under section 1983. *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). Although state law governs the time period within which a section 1983 claim must be commenced, the issue of when a claim accrues is a question of federal law. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). A section

1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993).

It is undisputed that the alleged acts or omissions forming the basis of Plaintiff's claims against the defendants occurred on June 18 and 19, 2005. (Compl. at 3–4.) This court finds the plaintiff's claims accrued, at the latest, on June 19, 2005, as that is the date "when the plaintiff [knew] or [had] reason to know of the injury which is the basis of his action." *Baker*, 991 F.2d at 632. Plaintiff filed his original complaint in this matter of February 8, 2008, well after the two-year statute of limitations period had run. (Doc. No. 2)

Although Plaintiff has not filed a response to the motion to dismiss, Plaintiff argued in response to Defendant Pagliano's motion to dismiss that the statute of limitations should be tolled. This court found in its Recommendation that Defendants Pagliano's motion to dismiss be granted that there was no basis for tolling Plaintiff's claims. (*See* Recommendation, Doc. No. 69 at 6–10.) The same analysis applies to Plaintiff's claims against the City Defendants and does not need to be repeated herein. Accordingly, Plaintiff's claims are barred by the statute of limitations, and the City Defendants' Motion to Dismiss is properly granted on that basis.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that the "Motion to Dismiss Defendants City and County of Denver, Denver Sheriff's Department, and Sheriff Strong" (Doc. No. 85) be GRANTED, and that Plaintiff's claims against the City Defendants be dismissed in their entirety, with prejudice.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge