IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00275–ZLW–KMT

JOHN NASIOUS,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER - Denver Sheriffs [sic] Department,
SHERIFF STRONG, Denver Sheriffs [sic] Department, in his official and individual capacity,
NURSE ROSIE PAGLIANO - Denver Sheriffs [sic] Department, in her official and individual
capacity,

     Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for Sanctions for Denver
Defendants [sic] Failure to Comply with F.R.C.P. [sic]" (Doc. No. 91) and Plaintiff's "Motion
for Extension of Time to File Objection to Magistrate Recommendation" (Doc. No. 92), both
filed September 22, 2009.

Plaintiff states Defendants City and County of Denver and Strong failed to serve him a
copy of their Motion to Dismiss (Doc. No. 85), and, therefore, he was unable to file a response
before this court issued its Recommendation granting the motion.  (Doc. No. 91 at 1–2.)
Plaintiff requests that the court strike the Motion to Dismiss.  (*Id.* at 2.)

The court notes that attached to the Motion to Dismiss is a Certificate of Service which
certifies that a copy of the motion was mailed by United States Mail to Plaintiff on August 13,

2009, at the address provided to the court by Plaintiff and contained in Plaintiff's filings.  (Doc. No. 85 at 13.)  Plaintiff has provided no sworn statement or other evidence that he did not receive the documents.  In response to the motion, Defendant's counsel provides an affidavit of his legal secretary, Marilyn Montoya, who states that she specifically remembers making the copies of the Motion to Dismiss and mailing it to Plaintiff at the address indicated on the Certificate of Service.  (Doc. No. 95-2, ¶ 2.)  Defendant's counsel states that he contacted the Sterling Correctional Facility in an attempt to determine whether the facility had a record of Plaintiff's receiving the Motion to Dismiss.  (Doc. No. 95, ¶ 7.)  Although the facility does keep a log of mail received, it was not able to confirm that Plaintiff received the Motion to Dismiss.  (*Id.*)

Rule 5(b) of the Rules of Federal Procedure states that service upon a party is made by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2(B).  "[N]onreceipt . . . of the papers by the person to be served generally does not affect the validity of the service."  4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1148 (3d ed.2002) (citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262 (10th Cir.1999)).  The court finds, therefore, that Plaintiff was properly served with the Motion to Dismiss.  Accordingly, this court finds no basis for sanctioning Defendants or for striking Defendants' Motion to Dismiss.

Moreover, the Motion to Dismiss is virtually identical to the Motion to Dismiss filed by Defendant Pagliano.  (Doc. No. 42.)  Plaintiff did file a response to Defendant Pagliano's Motion to Dismiss (Doc. No. 54), and this court issued its Recommendation that the claims against Defendant Pagliano be dismissed in their entirety, with prejudice (Doc. No. 69).  Plaintiff filed

his objection to the Recommendation on June 25, 2009.  (Doc. No. 71.)  This court, in its

Recommendation that the claims against Defendants City and County of Denver and Strong be

dismissed as being barred by the statute of limitations, noted that Plaintiff had not filed a

response to the Motion to Dismiss but also noted that Plaintiff had previously argued that the

statute of limitations should be tolled and stated that in its previous Recommendation the court

found no basis for tolling Plaintiff's claims.  (*See* Doc. No. 90 at 9.)

Therefore, it is

ORDERED that

1.      Plaintiff's "Motion for Sanctions for Denver Defendants [sic] Failure to Comply

with F.R.C.P. [sic]" (Doc. No. 91) is DENIED;

2.      Plaintiff's "Motion for Extension of Time to File Objection to Magistrate

Recommendation" (Doc. No. 92) is GRANTED.  Plaintiff shall file his objection to the

Recommendation no later than October 26, 2009; and

3.      The Clerk of Court shall mail a copy of Defendants Motion to Dismiss (Doc. No.

85) to Plaintiff along with this Order.

Dated this 30th day of September, 2009.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge