IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00275-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER - DENVER SHERIFF'S DEPARTMENT,
SHERIFF STRONG, Denver Sheriff's Department, and
NURSE ROSIE PAGLIANO, Denver Sheriff's Department,

    Defendants.

---

### ORDER OF DISMISSAL AS TO CERTAIN DEFENDANT

---

The matter before the Court is the Motion To Dismiss By Rosemary Pagliano, R.N. (Doc. No. 42) (Motion To Dismiss).  The motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to D.C.COLO.LCivR 72.1C, and on June 12, 2009, the Magistrate Judge issued a Recommendation Of United States Magistrate Judge recommending that the Motion To Dismiss be granted (Doc. No. 69).  Plaintiff filed two objections to the Recommendation, one on June 25, 2009 (Doc. No. 71) and one on July 1, 2009 (Doc. No. 75).  Defendant Rosemary Pagliano[1] filed a response to the objections on July 2, 2009 (Doc. No. 76).  The Court reviews *de novo* those portions of the Magistrate Judge's Recommendation to which Plaintiff has timely and specifically

---

[1] Named as "Nurse Rosie Pagliano" on Plaintiff's pleading caption.

objected.[2] Both of Plaintiff's objections were timely filed.[3] The Court has construed Plaintiff's pleadings and papers liberally because he is proceeding *pro se*.[4]

Plaintiff filed his original Prisoner Complaint in this action on February 8, 2008. His Amended Prisoner Complaint was filed on March 25, 2008. Plaintiff's claims stem from his allegations that he was placed in a cell at the Denver County Jail with a prisoner with a known mental illness who sexually assaulted Plaintiff on June 18, 2005. Plaintiff's pleadings and other filings in this case do not make entirely clear the legal bases upon which Plaintiff's claims are brought. However, Defendant Pagliano has characterized Plaintiff's claims as consisting of (1) a claim for constitutional violations under 42 U.S.C. § 1983, (2) a tort claim for medical negligence under state law, and (3) a claim for violation of the Prisoner Rape Elimination Act of 2003 (PREA).[5] The Court agrees that this is a reasonable characterization of Plaintiff's claims. Defendant Pagliano moved to dismiss the claims against her on three grounds: (1) that Plaintiff failed to accomplish timely service of the summons and Complaint upon her pursuant to Fed. R. Civ. P. 4(m), (2) that Plaintiff's claims under 42 U.S.C. § 1983 and for medical negligence are barred by the applicable statutes of limitations, and (3) that there is no private right of action under PREA.

---

[2] See 28 U.S.C. § 636(b)(1); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[3] See 28 U.S.C. § 636(b)(1) (written objection to Magistrate Judge's recommendation must be filed within ten days after service of the recommendation).

[4] See Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).

[5] 15 U.S.C. § 15601 *et seq.*

The Magistrate Judge recommended that the action be dismissed with prejudice on the ground that Plaintiff's 42 U.S.C. § 1983 claims are barred by the applicable statute of limitations. In her Recommendation, the Magistrate Judge determined that the two-year statute of limitations which applies to section 1983 claims began to accrue on June 19, 2005, at the latest, since this is the date that Plaintiff knew or had reason to know of the injury on which his claims are based.[6] Thus, Plaintiff's section 1983 claims, filed over two years and seven months later on February 8, 2008, are time-barred. In his objections to the Recommendation, Plaintiff argues for the first time that the statute of limitations did not begin to accrue until either December 28, 2007 (the date on which he mailed a Notice of Claim to the City and County of Denver), January 2, 2008 (the date of the City and County of Denver's letter acknowledging receipt of Plaintiff's Notice of Claim), or July 23, 2007 (the date on which he sent a request for release of medical records to Denver Health). These arguments are deemed waived because Plaintiff did not raise them in response to the underlying motion and instead asserted them for the first time in his objections to the Magistrate Judge's Recommendation.[7] Even if the Court were to consider the arguments, Plaintiff provides no legal authority to support his assertions that the statute of limitations would accrue on the date of submission or

---

[6] See Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993); see also Colo. Rev. Stat § 13-80-102(g); see also Johnson v. Johnson County Commission Board, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2nd Cir. 1980))).

[7] See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived."); see also Cannizzo v. Lab Corporation of America, 2008 WL 68846 (D. Colo. Jan. 3, 2008).

3

acknowledgment of a Notice of Claim to the City and County of Denver, or on the date that he made a request for medical records, and the Court has found no such authority.

The Magistrate Judge did not address the grounds for dismissal of Plaintiff's medical negligence and PREA claims. However, a medical negligence claim under Colorado state law also is subject to a two-year statute of limitations,[8] and accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."[9] In this case, that accrual date is June 19, 2005, as discussed above. Thus, Plaintiff's medical negligence claim, first filed on February 8, 2008, is time-barred. Further, the Court agrees with Defendant Pagliano that PREA provides no private right of action,[10] and that Plaintiff's PREA claim properly is dismissed on that basis.

Lastly, Plaintiff presents arguments in his objections concerning his alleged repeated attempts to serve Defendant Pagliano with the summons and Complaint. However, the Magistrate Judge did not base her Recommendation of dismissal upon a finding of untimely service upon Defendant Pagliano pursuant to Fed. R. Civ. P. 4(m), but, rather, upon a determination that the section 1983 claims were not filed within two years of their accrual and thus were barred by the applicable statute of limitations. This Court further determines, as discussed above, that the medical negligence claim is

---

[8] See Colo. Rev. Stat. § 13-80-102.5; see also Hurtado v. Brady, 165 P.3d 871, 873 (Colo. App. 2007).

[9] Colo. Rev. Stat. § 13-80-108.

[10] See Gonzaga University v. Doe, 536 U.S. 273, 279-80 (2002) (courts do not imply a right to sue absent a statute's unambiguous intent to confer individual rights); see also Chinnici v. Edwards, 2008 WL 3851294 (D. Vt. Aug. 12, 2008); Pirtle v. Hickman, 2005 WL 3359731 (D. Idaho Dec. 9, 2005).

untimely under the applicable two-year statute of limitations and that the PREA claim fails because there is no private right of action under PREA.  The Court does not premise dismissal upon a finding of untimely service under Fed. R. Civ. P. 4(m).

Accordingly, the Court approves and adopts the June 12, 2009, Recommendation Of United States Magistrate Judge (Doc. No. 69), and it is

ORDERED that the Motion To Dismiss By Rosemary Pagliano, R.N. (Doc. No. 42) is granted.  It is

FURTHER ORDERED that all claims against Defendant Rosemary Pagliano, identified as "Nurse Rosie Pagliano" on the pleading caption, are dismissed with prejudice.  It is

FURTHER ORDERED that the case caption is amended to reflect the dismissal of Defendant Rosemary Pagliano.

DATED at Denver, Colorado this 20th day of January, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court