IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00275-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER - DENVER SHERIFF'S DEPARTMENT, and
SHERIFF STRONG, Denver Sheriff's Department,

    Defendants.

## ORDER OF DISMISSAL

The matter before the Court is the Motion To Dismiss Defendants City And County Of Denver, Denver Sheriff's Department, And Sheriff Strong (Doc. No. 85) (Motion To Dismiss). The motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to D.C.COLO.LCivR 72.1C, and on September 15, 2009, the Magistrate Judge issued a Recommendation Of United States Magistrate Judge recommending that the Motion To Dismiss be granted (Doc. No. 90). Plaintiff filed what the Court considers a timely objection to the Recommendation on October 27, 2009 (Doc. No. 100).[1] At the Court's request, Defendants filed a response to the objection on December 15, 2009 (Doc. Nos. 101, 112), and Plaintiff thereafter filed a reply to the response on January 4, 2010 (Doc. No. 116). The Court reviews *de novo* those portions of the Magistrate

---

[1]Plaintiff was allowed until October 26, 2009, to file his objection. See Doc. No. 97 at 3. Plaintiff's objection states that he "submitted" his objection on October 24, 2009. See Doc. No. 100 at 16 of 24. The Court considers the objection timely under the prison mailbox rule. See Price v. Philpot, 420 F.3d 1158, 1164 n. 4 (10th Cir. 2005).

Judge's Recommendation to which Plaintiff has timely and specifically objected.[2] The Court has construed Plaintiff's pleadings and papers liberally because he is proceeding *pro se*.[3]

Plaintiff filed his original Prisoner Complaint in this action on February 8, 2008. His Amended Prisoner Complaint was filed on March 25, 2008. Plaintiff's claims stem from his allegations that he was placed in a cell at the Denver County Jail with a prisoner with a known mental illness who sexually assaulted him on June 18, 2005. Defendants have characterized Plaintiff's claims against them as consisting of (1) a claim for constitutional violations under 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1988; and (2) a claim for violation of the Prisoner Rape Elimination Act of 2003 (PREA).[4] The Court agrees that this is a reasonable characterization of Plaintiff's claims. Defendants move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6)[5] on the grounds that: (1) all of Plaintiff's constitutional claims against them are barred by the applicable statutes of limitations; (2) the Denver Sheriff's Department

---

[2] See 28 U.S.C. § 636(b)(1); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[3] See Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).

[4] 15 U.S.C. § 15601 *et seq.*

[5] Although Defendants' motion initially states that it is also brought pursuant to Fed. R. Civ. P. 12(b)(5) see Motion To Dismiss (Doc. No. 85) at 1, the text of the motion does not include any argument concerning service of process.

is not a legal entity and lacks the capacity to sue or be sued; and (3) there is no private right of action under PREA.[6]

The Magistrate Judge recommended that the action be dismissed with prejudice on the ground that Plaintiff's 42 U.S.C. § 1983 claims are barred by the applicable statute of limitations. In her Recommendation, the Magistrate Judge determined that the two-year statute of limitations which applies to section 1983 claims began to accrue on June 19, 2005, at the latest, since this is the date that Plaintiff knew or had reason to know of the injury on which his claims are based,[7] and that Plaintiff's section 1983 claims, filed over two years and seven months later on February 8, 2008, therefore are time-barred.

Plaintiff pleaded in his Amended Prisoner Complaint that he has exhausted his administrative remedies.[8] In his objections to the Recommendation, Plaintiff argues that the statute of limitations was tolled while he was engaged in the process of exhausting his administrative remedies.[9] Plaintiff has the burden of establishing a factual basis for tolling the statute of limitations.[10] Here, the final action on Plaintiff's administrative

---

[6]Defendants filed an Answer to the Amended Complaint on May 27, 2008 (Doc. No. 26). Thus, the Court treats Defendants' present motion as a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c), which motion is determined under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[7]See Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993); see also Colo. Rev. Stat § 13-80-102(g); see also Johnson v. Johnson County Commission Board, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2nd Cir. 1980))).

[8]See Amended Prisoner Complaint (Doc. No. 9) at 25.

[9]See Smith v. Ortiz, 2006 WL 620871, *4 (10th Cir. March 14, 2006).

[10]Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.1 (10th Cir. 1980).

grievance was taken on July 29, 2005.[11]  Plaintiff filed this action two years and six months later.  Thus, even if Plaintiff's section 1983 claims were tolled during the exhaustion process, they are still time-barred.

To the extent that Plaintiff now is arguing, in the alternative, that he has *not* exhausted his administrative remedies, an argument the Court is not inclined to consider since it is flatly contradicted by the allegations in the Amended Prisoner Complaint and Plaintiff's own prior arguments, then his claims are barred under the Prisoner Litigation Reform Act (PLRA),[12] which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."[13]

Plaintiff does not appear to object to the Magistrate Judge's conclusion that PREA provides no private right of action.[14]  The Court agrees with that conclusion, and Plaintiff's PREA claim properly is dismissed on that basis.  Further, it is unclear to the Court whether Plaintiff intended to name the Denver Sheriff's Department as a separate Defendant in this action.  To the extent that he did so intend,  Defendants are correct that the Denver Sheriff's Department, which is an agency of the City and County of

---

[11] See Denver Defendant's Response To Plaintiff's Objection . . . Ex. 8 (Doc. No. 112-9).  In the absence of an objection from either plaintiff or Defendants, the Court has considered the exhibits attached to Plaintiff's objection and to Defendant's response thereto.

[12] 42 U.S.C. § 1997e

[13] 42 U.S.C. § 1997e(a).

[14] See Gonzaga University v. Doe, 536 U.S. 273, 279-80 (2002) (courts do not imply a right to sue absent a statute's unambiguous intent to confer individual rights); see also Chinnici v. Edwards, 2008 WL 3851294 (D. Vt. Aug. 12, 2008); Pirtle v. Hickman, 2005 WL 3359731 (D. Idaho Dec. 9, 2005).

Denver, and not an agency, instrumentality, or political subdivision of the State of Colorado, is not a proper defendant in this action under the Colorado Government Immunity Act.[15]

For the foregoing reasons, the Court approves and adopts the September 15, 2009, Recommendation Of United States Magistrate Judge (Doc. No. 90), and it is

ORDERED that the Motion To Dismiss Defendants City And County Of Denver, Denver Sheriff's Department, And Sheriff Strong (Doc. No. 85) is granted. It is

FURTHER ORDERED that the Amended Prisoner Complaint and cause of action are dismissed with prejudice, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado this 31st day of March, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[15] Colo. Rev. Stat. § 24-10-102.