IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00275–CMA–KMT

JOHN NASIOUS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER - Denver Sheriffs [sic] Department,
SHERIFF STRONG, Denver Sheriffs [sic] Department, in his official and individual capacity,
NURSE ROSIE PAGLIANO - Denver Sheriffs [sic] Department, in her official and individual capacity,

    Defendants.

---

### AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Plaintiffs' [sic] Motion for Leave to File Amended Complaint" (Doc. No. 161 [Mot.], filed August 29, 2011). Defendant Nurse Rosie Pagliano filed her Objection to the Motion on September 19, 2011. (Doc. No. 163 [Resp.].) Plaintiff did not file a reply. This matter is ripe for recommendation.

*Background*

This case has a long and complicated history. Plaintiff filed a first lawsuit on October 10, 2006, naming at least twenty defendants and asserting several claims concerning his incarceration in the Denver County Jail and the Arapahoe County Detention Facility. Magistrate Judge Boyd N. Boland directed Plaintiff to file an amended complaint that conformed to the pleading requirements of Fed. R. Civ. P. 8. On November 9, 2006, Plaintiff filed an amended

complaint, alleging a multitude of claims against more than forty defendants. The district court dismissed the lawsuit with prejudice because the amended complaint failed to comply with Rule 8. On appeal, the Tenth Circuit Court of Appeals reversed and remanded for further proceedings, because the district court's dismissal with prejudice did not consider any of the factors for dismissing with prejudice set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1162–64 (10th Cir. 2007).

Following remand, and upon direction of the Magistrate Judge Boland, Plaintiff filed, on December 3, 2007, a second amended complaint, this time asserting three unrelated sets of claims against three unrelated groups of defendants. In his complaint, he alleged (1) civil rights violations relating to a sexual assault at the Denver County Jail and medical malfeasance; (2) an illegal immigration detainer; and (3) the denial of the exercise of his religion due to the denial of a kosher diet at the Arapahoe County Detention Facility. With respect to these three sets of claims, he named three separate sets of defendants: (1) Nurse Rosie Pagliano, Sheriff Strong, and another person affiliated with the Denver County Jail; (2) two Bureau of Immigration and Customs Enforcement agents and another person employed with the Department of Homeland Security; and (3) two employees of the Aramark Corporation, which provided meals at the Arapahoe County Detention Facility, and the sheriff responsible for the operation of the Arapahoe County Detention Facility.

Magistrate Judge Boland concluded that these separate and unrelated claims against three separate groups of defendants were improper because Plaintiff had combined what should be three lawsuits into one pleading. Magistrate Judge Boland found that the second amended

complaint violated Fed. R. Civ. P. 20(a)(2). Magistrate Judge Boland noted that misjoinder of parties is not a ground for dismissing an action, but that, instead, the court may dismiss improper parties. Thus, Magistrate Judge Boland required Plaintiff to file a third amended pleading that complied with the joinder requirements of Rule 20(a)(2). Plaintiff then filed his third amended complaint on January 14, 2008, asserting immigration-detainer claims against immigration officials only.

Less than a month later, on February 8, 2008, Plaintiff filed this, his second, lawsuit in which he sued, *inter alia*, the City and County of Denver, Sheriff Strong, Nurse Rosie Pagliano, and Denver Health Medical Center for civil rights violations and for medical negligence. (Doc. No. 2.) On February 28, 2008, Magistrate Judge Boland issued an Order directing the Plaintiff to file an amended complaint. (*See* Doc. No. 7.) In his Order, Magistrate Judge Boland found Plaintiff's complaint to be deficient because "it is not clear who Mr. Nasious intends to sue in this action. Mr. Nasious lists what appear to be seven Defendants in the caption of the complaint . . . [yet] lists only five Defendants in . . . the section that describes the parties to the action." (*Id.* at 1–2.) On March 25, 2008, Plaintiff filed his Amended Prisoner Complaint, in which he omitted Denver Health Medical Center as a defendant in both the caption and in the section of the complaint that describes the parties. (*See* Doc. No. 9 at 1–2.)

Nearly eleven months later, on February 18, 2009, Plaintiff filed a second amended complaint, in which he again named Denver Health Medical Center as a defendant. (Doc. No. 48.) This court granted Defendant Pagliano's motion to strike the second amended complaint for Plaintiff's failure to comply with Fed. R. Civ. P. 15(a)(2) and for failure to file a motion to

amend his complaint by the deadline set by this court for amending pleadings. (*See* Doc. No. 56 at 2.)

Defendant Pagliano moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing the claims against her were time-barred by Colorado's two-year statute of limitations. *See* Colo. Rev. Stat. §§ 13-80-102(1)(g); 13-80-102.5; 13-80-108(1). (Doc. No. 42.) Plaintiff countered that his claims were timely because the statute of limitations began to run on July 3, 2007, the date the Tenth Circuit reversed and remanded his first lawsuit. (Doc. No. 54.) This court recommended that Defendant Pagliano's motion to dismiss be granted because Plaintiff's claims were time-barred under the applicable Colorado two-year statute of limitations and his first lawsuit did not toll the statute of limitations with respect to his second lawsuit. (Doc. No. 69.) This court also found that the doctrine of equitable tolling would not save Plaintiff's claims because there were neither extraordinary circumstances present nor wrongful acts by Defendant Pagliano impeding him from timely asserting his claims. (*Id.*) Senior Judge Weinshienk adopted this court's recommendation, decided the claims against Defendant Pagliano were time-barred, and dismissed them. (Doc. No. 117.)

Defendants the City and County of Denver, Sheriff's Department and Sheriff Strong also filed a Rule 12(b)(6) motion to dismiss Plaintiff's claims against them as time-barred under Colo. Rev. Stat. § 13-80-102(1)(g). (Doc. No. 85.) This court recommended that the motion be granted. (Doc. No. 90.) Plaintiff, in his objection, argued that the statute of limitations was tolled while he exhausted his administrative remedies and his untimely lawsuit should be excused because Magistrate Judge Boland, in the initial suit, did not adequately advise him how

to proceed. (Doc. No. 100.) Senior Judge Weinshienk adopted this court's recommendation, finding that even if Plaintiff's claims had been tolled while he exhausted his administrative remedies, they were still time-barred. (Doc. No. 121.)

*Appeal of this Matter*

Plaintiff filed an appeal with the Tenth Circuit Court of Appeals, which agreed with Magistrate Judge Boland's determinations that Plaintiff improperly and contrary to Rule 20(a)(2) joined three separate and unrelated sets of claims against three separate and unrelated defendant groups and that misjoinder under Rule 21 was not grounds for dismissal of the lawsuit. However, the Tenth Circuit found that Magistrate Judge Boland, by directing Plaintiff to choose which one of the three sets of defendants and claims he wished to pursue in his first lawsuit, effectively dropped all of the other defendants and claims for misjoinder, without analyzing the consequences on the record and without considering whether it would have been appropriate to sever the three sets of claims to allow them to proceed separately. The Tenth Circuit determined it was improper for the district court to effectively dismiss claims and drop parties without analyzing on the record whether dismissal affected Plaintiff's ability to meet the statute of limitations. Finally, the Tenth Circuit found that Colorado's doctrine of equitable tolling applied, requiring Plaintiff's original filing date for the claims in this case be honored and that this suit be deemed timely. The Tenth Circuit then remanded this case for further proceedings. *See Nasious v. City and County of Denver-Denver Sheriff's Dep't*, 415 F. App'x. 877, 882 (10th Cir. 2011).

*Proceedings Following Remand*

On April 25, 2011, this court held a Preliminary Scheduling Conference, in which it set a deadline for joinder of parties or amendment of pleadings of June 17, 2011. (*See* Doc. No. 149.) This court extended that deadline to August 29, 2011. (Doc. No. 160.) Plaintiff filed his present Motion on August 29, 2011.

*Motion to Amend*

In the operative Complaint, Plaintiff sues Defendants the City and County of Denver, Sheriff Strong, and Nurse Pagliano, asserting claims for civil rights violations and violations of the Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601–15609. (*See* Doc. No. 9 at 8–15.) Now, over seven months after this case was remanded by the Tenth Circuit Court of Appeals, Plaintiff again seeks to amend his complaint to assert claims against Denver Health Medical Center (Denver Health). Plaintiff states Denver Health has been identified "by the United States Court of Appeals" as an additional responsible party. (Mot. at 1.) Plaintiff attaches a "Certificate of Interested Parties" in which Defendant Pagliano advised the Tenth Circuit that Denver Health was a party which "may have an interest in or a relationship with litigation or the outcome of the litigation." (*Id.*, Attach. 1.)

Plaintiff's Motion and proposed amended complaint are not models of clarity. Plaintiff states he wishes to amend his complaint to add Denver Health Medical Center as a defendant. (Mot. at 1.) However, Plaintiff attaches an "Amended Complaint and Jury Demand Part I" (Doc. No. 161-2 at 1–9 [Part 1]) in which he lists only the City and County of Denver as a defendant in the caption, while he lists Defendants Denver Health Medical Center, the City and County of

Denver, Strong, and Pagliano in the body of Part I. (*See id.* at 1–2.) In Part I, Plaintiff asserts a claim for negligence. (*See id.* at 4–6.)

Plaintiff also attaches an "Amended Prisoner Complaint Part II" (Doc. No. 161-2 at 10–31 [Part II]) in which he lists in the caption and in the body of the complaint Defendants City and County of Denver, Denver Health Medical Center, Sheriff Strong, Nurse Pagliano, and John and Jane Does. (*See id.* at 10–12.) In Part II, Plaintiff asserts claims for Eighth and Fourteenth Amendment violations, negligent training and supervision against the City and County of Denver, and medical negligence. (*See id.* at 17–28.)

*Legal Standard*

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).

*Analysis*

Defendant Pagliano argues the proposed amendment is futile because the new claims Plaintiff wishes to assert against Denver Health would be barred by the applicable two-year statutes of limitation and because the amendments do not relate back to the date of Plaintiff's initial complaint. (Resp. at 6.)

### *Statute of Limitations*

Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under 42 U.S.C. § 1983. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13–80–102(g) and (I) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim). The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). For the purpose of the statute of limitations, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Similarly, a medical negligence claim under Colorado state law is subject to a two-year statute of limitations, Colo. Rev. Stat. § 13-80-102.5, and accrues "on the date both the injury and its cause are known

or should have been known by the exercise of reasonable diligence," Colo. Rev. Stat. § 13-80-108.

Defendant Pagliano argues that the new claims proposed by Plaintiff are time barred because Plaintiff's Motion was not filed until more than six years after the events in question, which occurred on June 18, 2005. (Resp. at 6–7.) There is no dispute that the plaintiff's claims against Denver Health accrued, at the latest, on June 18, 2005, when Plaintiff was treated for a seizure and was allegedly sexually assaulted by another inmate while he was in the medical department at the Denver County Jail. (*See* Doc. No. 161-2 at 13.) Plaintiff did not file his initial complaint related to this case until October 10, 2006. (*See* Civil Action No. 06-cv-01765, Doc. No. 4.) Thus, nearly sixteen months of the limitations period had already passed by the time Plaintiff filed his initial complaint. Then, in this case, after Plaintiff filed the current operative complaint that omitted Denver Health as a defendant on March 25, 2008, Plaintiff did not seek to amend his complaint and name Denver Health again until February 18, 2009, nearly another eleven months.[1] (Doc. No. 48.)[2] These two combined periods alone, during which the limitations periods absolutely were not tolled, total nearly twenty-seven months, beyond the two-year statute of limitations periods.[3] Thus, because Plaintiff seeks to amend the complaint after

---

[1] In its Order remanding this case for further proceedings, the Tenth Circuit did not specify the period Plaintiff's claims were tolled. However, this court finds the better way of determining whether the plaintiff's purported claims are now time-barred is to calculate periods of time when the case absolutely was not tolled.

[2] As discussed earlier, that amended complaint later was stricken. (*See* Doc. No. 56.)

[3] In its calculation, the court has not included other periods of time that the case was not tolled, such as the period of time from February 8, 2009, to this date.

the statute of limitations has run, the proposed amended complaint is subject to dismissal as futile unless it relates back to the original complaint under Fed. R. Civ. P. 15(c).

### *Relation Back*

Fed. R. Civ. P. 15(c) determines whether or not a plaintiff may amend a complaint to add a defendant by relating that amended complaint back to the original one and thereby avoiding the bar set by the statute of limitations. *Wilson v. U.S. Gov't*, 23 F.3d 559, 562 (1st Cir. 1994). "In order for an amendment adding a new party to relate back to the date of the original complaint under Rule 15(c), all the conditions set forth in F.R. Civ. P. 15(c) must be met." *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir. 1984). Application of Rule 15(c) is "a purely legal determination." *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004) (citation omitted).

An amended complaint relates back to the filing of the original complaint when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

As discussed above, in his original complaint, Plaintiff identified Denver Health in the caption. (*See* Doc. No. 2 at 1.) However, when he was ordered to file an amended complaint clarifying who he was suing, and he filed the operative complaint on March 25, 2008, Plaintiff did not include Denver Health as a defendant in either the caption or the section listing the

defendants.  (*See* Doc. No. 9 at 1–2.)  Plaintiff obviously was not mistaken about Denver Health's identity.  Instead, it appears Plaintiff changed his mind and decided not to sue Denver Health, but later changed his mind again and decided to add Denver Health as a defendant. Consequently, Denver Health had no reason to believe that it would have been named "but for a mistake concerning" its identity.  *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).[4]

Moreover, to the extent Plaintiff asserts he only recently learned the identity of Denver Health, the Tenth Circuit has held that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identify of the proper party' within the meaning of Rule 15(c)(3)(B)."  *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).  The *Garrett* court concluded that this interpretation of Rule 15 is consistent with prevailing law among other circuits and with the Advisory Committee Notes to Rule 15(c), which indicate that the "the mistake proviso [was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.' "  *Garrett*, 362 F.3d at 696–97 (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir. 1999) (quoting Advisory Committee Notes to 1991 Amendment of Rule

---

[4]Defendant focuses much of her argument on Plaintiff's knowledge of Denver Health's identity as a possible defendant in this action.  However, the question under Rule 15(c)(1)(C)(ii) is not whether the plaintiff knew or should have known the identity of Denver Health as a defendant, but whether Denver Health knew or should have known that it would have been named as a defendant but for an error.  *Krupski v. Costa Crociere S. p. A.*, ___ U.S. ___, 130 S. Ct. 2485, 2493 (2010).  "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known . . . , not what the *plaintiff* knew or should have known at the time of filing [his] original complaint."  *Krupski*, 130 S. Ct. at 2493 (emphasis in original).

11

15(c)). The rule is meant to allow an amendment changing the name of a defendant to relate back only if the change is a result of such a formal defect. 362 F.3d at 697 (citations and quotations omitted).

Thus, because Plaintiff has not met all of the conditions set forth in Fed. R. Civ. P. 15(c), his proposed amendments do not relate back, *Watson*, 733 F.2d 1386 at 1389, and, as such, his motion to amend his complaint should be denied.

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that "Plaintiffs' [sic] Motion for Leave to File Amended Complaint" (Doc. No. 161) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of October, 2011.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge