**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00275-CMA-KMT

JOHN NASIOUS,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, Denver Sheriffs [sic] Department,
SHERIFF STRONG, Denver Sheriffs [sic] Department, in his official
   and individual capacity,
NURSE ROSIE PAGLIANO, Denver Sheriffs [sic] Department, in her official
   and individual capacity,

    Defendants.

---

**ORDER AFFIRMING OCTOBER 20, 2011 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 13.) On October 20, 2011, the Magistrate Judge issued a Recommendation (Doc. # 171), in which she recommended that Plaintiffs' [sic] Motion for Leave to File Amended Complaint (Doc. # 161) be denied. Plaintiff, proceeding *pro se*, filed his objections to the Recommendation on November 3, 2011. (Doc. # 173.)

When a magistrate judge issues a recommendation on a dispositive matter, a district court judge is required to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the

recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

The Court has conducted the requisite *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objections to the Recommendation. In his motion, which was filed on August 29, 2011, Plaintiff seeks leave to amend his complaint to assert claims against Denver Health Medical Center ("Denver Health"). (Doc. # 161.) Plaintiff's claims against Denver Health arise from events that occurred on June 18, 2005. However, Colorado law provides a two-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1983.[1]  *See* Colo. Rev. Stat. § 13-80-102(g) and (I) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).

The Magistrate Judge correctly found that it would be futile to allow Plaintiff leave to amend his complaint because any claims against Denver Health would be barred by the applicable statute of limitations. In her Recommendation, the Magistrate Judge recited the long and complicated procedural history of this case and thoroughly explained why the statute of limitations period has run with respect to any claims

---

[1] Similarly, a medical negligence claims under Colorado state law is subject to a two-year statute of limitations.  *See* Colo. Rev. Stat. § 13-80-102.5.

asserted against Denver Health.  (Doc. # 171 at 8-10.)  Additionally, the Magistrate Judge explained why Plaintiff's proposed amended complaint did not relate back the original complaint.  (*Id.* at 10-12.)  Plaintiff, in his objections, fails to raise any issues of fact or law that would warrant a result different than that reached by the Magistrate Judge.

Based on its *de novo* review, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.  Therefore, Plaintiff's Objections (Doc. # 173) are OVERRULED and the Court hereby ADOPTS and AFFIRMS the Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 161) is DENIED.

DATED:  November   09  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge